# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **JEFFREY STEVEN RUDLUFF,** *Petitioner* § § § | |
| v. § | 1:24-CV-00373-RP-SH |
| **WARDEN G. ROSALEZ,** *Respondent* § § § § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE ROPERT PITMAN
      UNITED STATES DISTRICT JUDGE

Before the Court is Petitioner Jeffrey Steven Rudluff's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed April 5, 2024 (Dkt. 1). The District Court referred the case to this Magistrate Judge for disposition of all non-dispositive pretrial matters and for findings and recommendations on all case-dispositive motions, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 2.

### I.   Analysis

Petitioner Jeffrey Steven Rudluff is incarcerated in the Federal Correctional Institute in Bastrop, Texas. Rudluff argues that the Bureau of Prisons ("BOP") improperly calculated his earned time credits under the First Step Act by awarding him only 10 days of time credit for every 30 days of participation in Evidence-Based Recidivism Reduction programming when he should have been awarded 15 days of time credit for every 30 days of participation under 18 U.S.C. § 3632(d)(4)(A)(ii). Dkt. 1 at 3. Rudluff also argues that the BOP's Change Notice issued

1

February 6, 2023 is unconstitutional because it would disqualify more individuals from receiving time credits than authorized by Congress. *Id.* at 5-6. Rudluff asks the Court to (1) "adjust the Plaintiff's earned time credit adopting Plaintiff's calculation of FSA time credits, applying fifteen days for every thirty days of qualified programming," and (2) order the BOP "to remove the additional requirement that inmates meet the Community Standards qualification required under the Community Correction Center Policy." *Id.* at 9.

Rudluff raised these same claims in a previous unsuccessful Section 2241 Petition to this Court. *Rudluff v. Rosalez*, 1:22-cv-01139-RP. The District Court dismissed that case for lack of jurisdiction. Dkt. 19. The Court found that Rudluff's claim for time credits was moot because the BOP recalculated his time credits as requested after he filed his petition. Dkt. 14. Rudluff also did not exhaust his administrative remedies and lacked standing to challenge the BOP's Change Notice because his claim was speculative and he alleged no injury. *Id.*

A § 2241 petition should be dismissed as an abuse of the writ if a prisoner raises the same claim a second time in a subsequent petition. *Beras v. Johnson*, 978 F.3d 246, 252 (5th Cir. 2020) (stating that subsequent § 2241 applications are barred if the same legal issue is addressed and resolved in a prior application). Because the Court previously addressed and rejected Rudluff's claims and he presents no new issues or changed circumstances, this Magistrate Judge recommends that his Petition should be dismissed as an abuse of the writ. *Id.* at 253; *Ruiz v. Warden, FCI Texarkana*, No. 5:22-CV-40-JRG, 2023 WL 2941477, at *7 (E.D. Tex. Feb. 14, 2023), *R. & R. adopted*, 2023 WL 2447440 (E.D. Tex. Mar. 10, 2023); *Cook v. Pearce*, No. A-14-CV-913-LY-AWA, 2015 WL 1209133, at *1 (W.D. Tex. Mar. 13, 2015), *appeal dismissed as frivolous*, 639 F. App'x 283 (5th Cir. 2016).

## II.     Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** Jeffrey Rudluff's Petition under 28 U.S.C. § 2241 (Dkt. 1) as an abuse of the writ. This Magistrate Judge **FURTHER RECOMMENDS** that the District Court **WARN** Petitioner that any future abusive filings will result in the imposition of sanctions, including monetary sanctions and restrictions on his ability to file future pleadings in this Court.

## III.     Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 14, 2024.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE